UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLT,

        Petitioner,                        Case Number 11-11478
                                                            Honorable David M. Lawson

v.

KENNETH MCKEE,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Robert Dale Bolt, Sr., presently incarcerated at the Bellamy Creek Correctional Facility, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his guilty-plea-based conviction of two counts of first-degree criminal sexual conduct. The petitioner was convicted of those crime in the Muskegon Circuit Court and was sentenced to a prison term of twenty-five to seventy-five years. The Court transferred the petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition because the petitioner had filed a prior habeas corpus petition challenging this conviction in the Western District of Michigan that was denied on statute-of-limitations grounds. On May 4, 2011, the petitioner filed a notice of appeal challenging the Court's decision to transfer the petition to the court of appeals. The Court will now consider whether to issue a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a

petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

As noted in the Court's earlier opinion transferring the case to the court of appeals, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition, 28 U.S.C. § 2244(b)(3)(A), and without such an order, this Court lacks jurisdiction over the habeas petition, *Rizk v. Prelesnik*, No. 08-12737, 2011 WL 317729, at *3 (E.D. Mich. Feb. 1, 2011) (citing *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). The petitioner's appeal is without merit because the Court was compelled by statute to transfer the habeas petition. The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petitioner's claim. Therefore, the Court will deny the petitioner a certificate of appealability.

Accordingly, it is **ORDERED** that the certificate of appealability is **DENIED**.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: June 17, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 17, 2011.

    s/Deborah R. Tofil
    DEBORAH R. TOFIL